# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| JOYCE R. FORTNER | : | DOCKET NO. 06-0219 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. This matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

After a review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. § 405(g), the undersigned finds that the Commissioner's decision is not supported by substantial record evidence. *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

## BACKGROUND

On November 7, 2003, Joyce R. Fortner protectively file an application for Disability Insurance Benefits (Tr. 39-42). He alleged disability since March 17, 2003, due to a lower back injury, with two surgeries (Tr. 40, 55). His application was denied at the initial stage of the administrative process. (Tr. 17-21). Accordingly, Fortner requested and received a June 16, 2005, hearing before an Administrative Law Judge ("ALJ"). (Tr. 207-242). However, by decision dated September 17, 2005, the ALJ found that Fortner was not disabled under the Act,

finding at Step Five of the sequential evaluation process that he was able to make an adjustment to work that exists in substantial numbers in the national economy. (Tr. 7-15). Fortner appealed the ALJ's decision to the Appeals Council. Yet, the Appeals Council denied his request for review, and thus, the ALJ's decision became the final decision of the Commissioner. (Tr. 3-5).

On February 9, 2006, Fortner sought review before this court. Plaintiff contends that:

(1) the ALJ failed to perform a function by function assessment of his residual functional capacity, and

(2) the vocational expert testimony relied upon by the ALJ conflicts with the Dictionary of Occupational Titles.

## **STANDARD OF REVIEW**

The court's review of the ultimate decision of the Commissioner is limited to determining whether the administrative decision is supported by substantial evidence and whether the decision is free of legal error. *Dellolio v. Heckler*, 705 F.2d 123 (5th Cir. 1993). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401.

When appearing before the ALJ, the plaintiff had the burden of proof to establish a medically determinable physical or mental impairment that prevented him from engaging in any substantial gainful activity for at least twelve consecutive months. *See*, 42 U.S.C. § 1382c(a)(A). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or

medical findings exist to support the decision. *Johnson v. Bowen,* 864 F.2d 340, 343-344 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## LAW AND ANALYSIS

The Commissioner evaluates disability claims under the Social Security Act through a five-step process: (1) Is the claimant currently working and engaged in substantial gainful activity? (2) Can the impairment or combination of impairments be classified as severe? (3) Does the impairment(s) meet or equal a listed impairment in Appendix 1 of the Commissioner's regulations? (If so, disability is automatic.) (4) Does the claimant's residual functional capacity permit him to perform past relevant work? and if not, (5) Can the claimant perform other work? 20 C.F.R. §§ 404.1520, 416.920. When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). The first four steps place the burden upon the claimant. At the fifth step, the burden shifts to the Commissioner to establish that the claimant can perform other work. If the Commissioner meets this burden, then the claimant must prove that he cannot in fact perform the work suggested. *See Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994); *Muse v. Sullivan*, 925 F.2d 785 (5th Cir. 1991).

**Issue 1**:

The ALJ found at Step Two of the sequential evaluation process that Fortner suffered from the severe impairment of degenerative disc disease (status post surgical procedures). (Tr. 11, 14). However, the impairments were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. *Id*.

3

The ALJ further determined that Fortner retained the residual functional capacity to perform the exertional demands of sedentary work, reduced by the need for a sit/stand option. (Tr. 13, 14).[1] He is further limited in his ability to push and pull, and is precluded from climbing, squatting, reaching over his head, or bending. *Id.*

Fortner injured his back in February 2003, while at work. (Tr. 218). On July 21, 2003, he underwent a microlumbar laminectomy and diskectomy at L5-S1 on the right side. (Tr. 138-140). On October 27, 2003, Fortner underwent a bilateral lumbar laminectomy and diskectomy at L5-S1 with posterolateral spinal fusion and autologous iliac graft. (Tr. 159-161). At the time of the hearing (June 16, 2005), plaintiff's treating physician was awaiting authorization for a third surgery. (Tr. 220). As recently as March 22, 2005, plaintiff's pain doctor had diagnosed him with failed back syndrome. (Tr. 182). There is no question that plaintiff has an impairment which would support his allegations of pain. The only question is to what extent plaintiff's back impairment has limited his capacity for work.

From March 2003 until December 2004, plaintiff's treating physicians stated that he was unable to work or disabled. (Tr. 89, 97, 101, 163-164). On November 19, 2004, Fortner underwent a functional capacity evaluation which indicated that he was capable of light duty

---

[1] Sedentary work entails:
> . . . lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. 404.1567(a).

work. (Tr. 198).² However, plaintiff's treating physician, Dr. Gunderson, disagreed with the evaluation and stated that plaintiff was capable of only sedentary work. *Id.* Yet, by April 26, 2005, Gunderson once again stated that plaintiff was unable to work. (Tr. 194).

The ALJ discounted the opinions of plaintiff's physicians by stating that they addressed issued reserved to the Commissioner or because the statements were not supported by evidence. We recognize that a doctor's opinion that a claimant is "disabled" or "unable to work" is afforded no special significance under the regulations. 20 C.F.R. § 404.1527(e)(1); *Frank v. Barnhart*, 326 F.3d 618 (5th Cir. 2003). However, if we disregard the physicians' statements that plaintiff was disabled or unable to work, then the record is devoid of a valid medical assessment of the limitations imposed by plaintiff's impairments from the alleged onset date until December 2004.³

In December 2004, Dr. Gunderson stated that plaintiff was capable of sedentary work. (Tr. 198). However, this period apparently only extended through April 2005, when he again stated that plaintiff was unable to work. (Tr. 194). Moreover, there is no indication that Dr. Gunderson was familiar with the functional demands of sedentary work as contemplated under the Act.

In sum, there is no valid medical assessment or other corroborating evidence, to support the ALJ's determination that plaintiff retained the residual functional capacity for a limited range

---

² The functional capacity evaluation does not appear in the record.

³ We reiterate that the November 2004 functional capacity evaluation does not appear in the record, and was rejected by plaintiff's treating physician.
   The record also contains a physical residual functional capacity assessment form that was completed by a disability examiner. (Tr. 172-179). However, there is no indication that she was a physician. (*See*, Tr. 17, 179).

of sedentary work.[4] Accordingly, the ALJ's residual functional capacity assessment is not supported by substantial evidence. *See, Ripley v. Chater* 67 F.3d 552, 557 -558 (5th Cir. 1995)(substantial evidence lacking where: no medical assessment of claimant's RFC, and claimant's testimony was inconsistent with ALJ's assessment);*Butler v. Barnhart*, Case Number 03-31052 (5th Cir. 06/02/2004)(unpublished)(in the absence of medical opinion or evidence establishing that the claimant could perform the requisite exertional demands, the ALJ's determination is not supported by substantial evidence).[5]

Because the foundation for the ALJ's Step Five determination was premised upon a residual functional capacity which is not supported by substantial evidence, we further find that the ALJ's ultimate conclusion that plaintiff is not disabled, is likewise not supported by substantial evidence.[6] For the foregoing reasons,

IT IS RECOMMENDED that this matter be REVERSED and REMANDED to the Commissioner for further proceedings consistent with this opinion.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS**

---

[4] Fortner's testimony is inconsistent with the ALJ's RFC assessment.

[5] Unpublished Fifth Circuit opinions issued on, or after January 1, 1996, are ordinarily not precedent. FRAP 47.5.4. However, they are persuasive. *Id*. Moreover, the fact that a case remains unpublished reflects the panel's belief that the decision simply reaffirmed a well-settled principle of law. *See*, FRAP 47.5.1.

[6] The court need not reach plaintiff's remaining assignment of error.

**AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on November 17, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE